## Judd v. Hatch, *Admr.*, *et al.*

Injunction: DISSOLUTION ON ANSWER. An injunction should not be dissolved without proof on an answer which admits the facts alleged in the petition, but seeks to avoid their force by pleading affirmative matter. In such case the onus rests on the defendant to prove the matter pleaded in avoidance.

*Appeal from Black Hawk District Court.*

MONDAY, JUNE 12.

THE plaintiff, in his petition, stated that he was the owner in fee of a lot of land, forty feet by one hundred feet, in the city of Waterloo, Iowa; that he owned no other real estate; that he was the head of a family, and occupied said premises as his homestead, and had so occupied them for four years past; that Brown, one of the

defendants, as sheriff of the county, had levied upon and was about to sell said homestead on execution, to satisfy a judgment recovered by Hatch, against plaintiff, in January, 1869; and praying for an injunction to restrain the sale. An order for a preliminary injunction was made, and a writ issued and served.

Before answering, the defendants filed a motion to dissolve the injunction, which was overruled, and they filed an answer admitting all the material *facts* averred in the petition, and pleaded in avoidance, that the indebtedness upon which the judgment was rendered accrued prior to the purchase, by the plaintiff, of the property claimed as his homestead; that plaintiff's former homestead was of the value of not more than $1,200, while the premises in question were worth $4,000, and that only a small portion of the premises in controversy were actually occupied by plaintiff as a homestead.

Upon filing the answer, the defendants filed a second motion to dissolve the injunction, which was sustained, and judgment rendered for defendants for costs and damages. Plaintiff appeals.

*Boies, Allen & Couch* for the appellant.

*George Ordway* for the appellees.

MILLER, J. — The order of the court sustaining the second motion of the defendants to dissolve the injunction was clearly erroneous. Not a single *fact* averred in the plaintiff's petition was denied in the answer. The facts alleged in the petition, if true, entitled the plaintiff to a perpetual injunction. They were admitted by the pleadings to be true, and the defendants only sought to avoid their legal effect by pleading affirmative matter. Upon the defendants rested the *onus* of proving the facts pleaded by them. As the pleadings stood, without proof,

the plaintiff would have been entitled to a decree perpetually enjoining the sheriff's sale, and yet, without any evidence whatever, and upon the pleadings as they stood, the court dissolved the injunction.

The appellees insist that the fourth clause of their answer, "denying that said premises are exempt from levy and sale on execution of defendants, as the homestead of the plaintiff," was a denial of the material facts averred in the petition, and that the injunction was, therefore, properly dissolved.

A sufficient answer to this is that the defendants, by their answer, first expressly admit all the alleged *facts* of the petition, from which the law draws the conclusion that the property is exempt from execution as plaintiff's homestead. This denial is simply of that conclusion of law, and not of the facts alleged by plaintiff.

The judgment of the district court is

Reversed.